**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK HOGAN,

                              Plaintiff,                6:25-cv-01359 (BKS/ML)

v.

DAVID VANDEWATER; GLEN E. TAYLOR, New York
State Trooper; RICKY CRAFT, New York State Trooper;
DUSTIN THOMAS, New York State Trooper; DAVID M.
HOVENDON, New York State Trooper; JUSTIN R.
HIRSCHEY, New York State Trooper; JOHN DOE(S);
and JANE DOE(S),

                              Defendants.*

---

**Appearances:**

*For Plaintiff:*
A.J. Bosman
Robert Strum
Bosman Law, LLC
3000 McConnellsville Road
Blossvale, New York 13308

*For Defendant Vandewater:*
Matthew E. Whritenour
Knych & Whritenour, LLC
6713 Collamer Road
East Syracuse, New York 13057

*For New York State Trooper Defendants:*
Letitia James
Attorney General of the State of New York
John C. Jensen
Deputy Assistant Attorney General-In-Charge
Utica Regional Office
207 Genesee Street, Fifth Floor
Utica, New York 13501

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Mark Hogan brought this 42 U.S.C. § 1983 action in New York State Supreme Court against Defendants David Vandewater and New York State Troopers Glen E. Taylor, Ricky Craft, Dustin Thomas, David M. Hovendon, and Justin R. Hirschey.[1] (Dkt. No. 2). The trooper Defendants subsequently removed the action to federal court. (Dkt. No. 1). Presently before the Court are Defendants' motions to dismiss and for judgment on the pleadings. (Dkt. Nos. 17, 22). The motions are fully briefed. (Dkt. Nos. 17-1, 22-8, 23, 26, 28, 29). For the reasons that follow, the motions are denied.

## II.    BACKGROUND

### A.    Facts[2]

Plaintiff owned property on Hiawatha Lake in Lewis County. (Dkt. No. 2, ¶ 13). His property, however, was "bounded along the real property line by" Defendant Vandewater's. (*Id.*). Following 2006 state court litigation, the two "stipulated to a designated" right of way, which Plaintiff then began to clear. (*Id.* ¶¶ 14–15). But Vandewater maintained that, in clearing that property, Plaintiff trespassed on his land. (*See id.* ¶ 16). So Vandewater "repeatedly urged" Plaintiff's arrest and prosecution for trespass, culminating in those charges' dismissal "years later, after repeated speedy trial motions." (*Id.*).

---

[1] Plaintiff also sued John and Jane Does, whom this decision does not address. (*See* Dkt. No. 2, ¶ 11).

[2] The facts are drawn from the complaint. (Dkt. No. 2). The Court assumes the truth of, and draws all reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). The trooper Defendants request that the Court take judicial notice of certain facts underlying previous litigation involving Plaintiff. (Dkt. No. 17-1, at 17–22). But the Court cannot take judicial notice of those facts for their truth. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

In 2016, Vandewater "propounded a new survey," arguing that the designated right of way "was at a different location than previously believed, stipulated, or agreed upon." (*Id.* ¶ 17). The parties litigated that issue in federal court, which adopted the new survey. (*Id.*). Plaintiff contacted the new surveyor to confirm "the location of the 'new' lot line boundary so he could commence clearing . . . without fear of arrest." (*Id.* ¶ 18). The surveyor "assured Plaintiff that he had [correctly] placed the pins/stakes for the new boundary," and that Plaintiff "was 'all set.'" (*Id.*). Accordingly, Plaintiff "began marking and clearing trees to access his property." (*Id.*).

But the trooper Defendants "arrested and charged" Plaintiff "with various criminal offenses, including a felony." (*Id.*). Specifically, Hirschey charged Plaintiff on June 26, 2018 with trespass and second-degree criminal contempt for a May 26, 2018 incident, (*id.* ¶ 19); Thomas charged Plaintiff on June 23, 2019 with trespass and second-degree criminal contempt for a May 26, 2019 incident, (*id.* ¶ 20); and Taylor charged Plaintiff on June 26, 2019 with trespass and second-degree criminal contempt for a different May 26, 2019 incident, and with trespass, third-degree criminal mischief, and second-degree criminal contempt for a June 12, 2019 incident, (*id.* ¶¶ 21–22). Hovendon also charged Plaintiff with trespass and second-degree criminal contempt on July 17, 2019 for two incidents occurring that day, and on August 21, 2019 for August 18 and 19 incidents. (*Id.* ¶¶ 23–26).

Vandewater, Plaintiff says, "initiated" these prosecutions "by contacting law enforcement, providing knowingly false information in sworn statements, and requesting Plaintiff's arrest and criminal prosecution." (*Id.* ¶ 27). He "falsely represented" to the troopers "that Plaintiff disregarded a right of way established by courts, trespassed on Vandewater's land, and damaged his property while knowing that his representations were false." (*Id.*). Previously, Vandewater had "yelled obscenities at Plaintiff and threatened him with physical violence [when

3

Plaintiff] attempted to use his" right of way—including one July 2011 incident, during which "Vandewater stated to Plaintiff, 'I'm going to keep making up these bullshit charges until I drive you out of here!'" (*Id.*).

The trooper Defendants, for their part, "charged Plaintiff . . . without probable cause or a warrant and proceeded with criminal prosecution without sworn supporting depositions or statements as required under the law." (*Id.* ¶ 28). The troopers "were repeatedly advised of the absence of supporting depositions" and knew that "Vandewater, over the course of more than a decade, set in motion Plaintiff's criminal prosecution on occasions too numerous to mention." (*Id.*). They also knew "that none of the prior criminal prosecutions were successful." (*Id.*). Vandewater told the trooper Defendants that Plaintiff "ha[d] a right of way and thus [was] permitted to be on the premises"; but he provided them "no facts identifying or describing the location of the right of way." (*Id.* ¶ 29). The troopers thus "possessed no information that Plaintiff [had] exceeded his right of way and did not obtain any information as to the true location of the right of way." (*Id.*).

"Plaintiff was subjected to the deprivation of his liberty from on or about June 30, 2018 through May 12, 2022." (*Id.* ¶ 31). He was also "deprived of access and use of his property [for] fear that he [would] face additional [prosecution] and/or further verbal/physical violence" from Vandewater. (*Id.*). The criminal charges "were dismissed or Plaintiff's counsel was notified of their dismissal" on April 7, 2022; April 11, 2022; May 12, 2022; and August 9, 2022. (*Id.* ¶ 32).

### B.    Procedural History

Plaintiff commenced this action in New York State Supreme Court, Lewis County, on April 14, 2025. (*See* Dkt. No. 1-2, at 2). In September, the trooper Defendants removed the action to federal court. (Dkt. No. 1). Shortly thereafter, Magistrate Judge Thérèse Wiley Dancks ordered Plaintiff to file proof of service on Vandewater. (Dkt. No. 6). Plaintiff then filed an

affirmation of service explaining that he had unsuccessfully attempted to serve Vandewater personally at his residence on several occasions between July and October 2025. (Dkt. No. 8, at 1). Following these attempts, Plaintiff's process server avers, he served Vandewater using New York's "nail-and-mail" method, *see, e.g.*, *Unitrin Safeguard Ins. Co. v. Della-Noce*, 246 A.D.3d 448, 449 (1st Dep't 2026) (citing N.Y. C.P.L.R. § 308(4)), by affixing the summons and notice to the door of Vandewater's residence and mailing it to the same address, (Dkt. No. 8, at 1).

In an affidavit submitted in connection with his motion, however, Vandewater avers that the address reflected on this affirmation of service is his business address, not his residential address. (Dkt. No. 22-7, ¶ 2). Vandewater further denies that "a copy of Plaintiff's Summons with Notice or a Summons and Complaint [was] left at [his] place of business," or that he received those documents "through the mail at [his] place of business." (*Id.* ¶ 4). Responding to Vandewater's affidavit, Plaintiff submitted an "amended affirmation of service." (Dkt. No. 27). This amended affirmation correctly identifies Vandewater's business address; it further asserts that the process server attempted to personally serve Vandewater on an additional occasion in July 2025 at Vandewater's actual residence. (*See id.* at 1).

## III.    SERVICE OF PROCESS

As an initial matter, Vandewater and Hovendon raise arguments concerning insufficient service of process. (Dkt. No. 22-8, at 18–21; Dkt. No. 26, at 3; Dkt. No. 29, at 6–16). Hovendon, however, has forfeited any such argument by cursorily raising it for the first time in his reply. *See United States v. Fayton*, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023) (collecting cases); (Dkt. No. 26, at 3). As to Vandewater, to survive a Rule 12(b)(5) motion for insufficient service of process, "the plaintiff must demonstrate that [he] adequately served the defendant[]." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023). "[T]he Court may 'look to materials outside of the pleadings in determining whether service of process has been insufficient.'" *Nandalall v. Liberty*

*Ins. Corp.*, No. 25-CV-4790, 2026 WL 1707575, at \*3, 2026 U.S. Dist. LEXIS 131704, at \*7 (E.D.N.Y. June 12, 2026) (alteration adopted) (quoting *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013)); *cf. Dickerson v. Napolitano*, 604 F.3d 732, 752–53 (2d Cir. 2010).

"Although the Federal Rules of Civil Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal." *Montefiore Med. Ctr. v. Aetna Health, Inc.*, No. 21-CV-7838, 2021 WL 5113013, at \*1, 2021 U.S. Dist. LEXIS 212765, at \*2 (S.D.N.Y. Nov. 3, 2021) (citing *PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at \*3, 2009 U.S. Dist. LEXIS 27110, at \*8 (S.D.N.Y. Mar. 31, 2009)). For removed cases "in which any one or more of the defendants has not been served with process . . . prior to removal," "such process or service may be completed or new process issued in the same manner as in cases originally filed in [the] district court." 28 U.S.C. § 1448. "This is so 'even if the time to serve under state law ha[s] expired before'" removal. *Nandalall*, 2026 WL 1707575, at \*6, 2026 U.S. Dist. LEXIS 131704, at \*15 (quoting 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 81:13 (2025)).

But "removal does not automatically restart the clock for timely service or keep a district court from considering a plaintiff's previous delays in effecting service." *Consiglio v. Ward Trucking, LLC*, No. 11-CV-06100, 2012 WL 4498895, at \*1, 2012 U.S. Dist. LEXIS 139578, at \*4 (E.D.N.Y. Sept. 27, 2012); *Millet v. Selip & Stylianou LLP*, No. 15-CV-773, 2020 WL 979787, at \*2, 2020 U.S. Dist. LEXIS 34713, at \*4 (W.D.N.Y. Feb. 28, 2020) (same). Instead, courts have "discretion to allow service to be completed or new process issued pursuant to Rule 4 'in the same manner as cases originally filed in [the] district court' where 'any one or more of the defendants has not been served with process.'" *Consiglio*, 2012 WL 4498895, at \*2, 2012

6

U.S. Dist. LEXIS 139578, at *5 (quoting § 1448); *Millet*, 2020 WL 979787, at *2, 2020 U.S. Dist. LEXIS 34713, at *5.

In turn, Rule 4(m) allows the Court to extend the time for service upon "good cause" shown, and in some circumstances "even in the absence of good cause." *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *see also Harmon v. Bogart*, 788 F. App'x 808, 810 (2d Cir. 2019); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Similarly, as the parties note, New York law allows for extensions of its 120-day service period for good cause or in the interest of justice. N.Y. C.P.L.R. § 306-b; *see Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 104–06 (2001).[3]

Here, Plaintiff did not serve Vandewater before the trooper Defendants' September 2025 removal. Yet the parties failed to address § 1448 or Rule 4(m), instead presenting arguments related only to New York's good cause and interest of justice standards. Moreover, there exists a factual dispute as to whether Plaintiff effectuated service on October 23, 2025. Plaintiff's process server avers that he served Vandewater via the "nail and mail" method permitted under New York law, (Dkt. No. 27, at 1–2); Vandewater, however, denies that "a copy of [the] Summons with Notice or a Summons and Complaint [was] left at [his] place of business," or that he received those documents "through the mail at [his] place of business." (Dkt. No. 22-7, ¶ 4). Additionally, as described above, Plaintiff's two affirmations of service contain factual discrepancies. Counsel characterizes these discrepancies as a "clerical error" and further asserts that "only one attempt could be made to serve [Vandewater] at his residence due to

---

[3] Section 306-b's separate 15-day service deadline applies to actions "where *the applicable statute of limitations* is" itself "four months or less"—not, as Vandewater asserts, (Dkt. No. 22-8, at 18–19), in any action where the statute of limitations will expire within four months or less. *See* § 306-b (emphasis added); *see also Flores-Grgas v. N.Y. State Off. of Child. & Fam. Servs.*, 242 A.D.3d 572, 572–73 (1st Dep't 2025) (applying 15-day deadline to proceeding with four-month statute of limitations).

[Vandewater's] own attempts to deter access." (Dkt. No. 28, at 9). But none of this information has been provided in an affidavit from the process server.

In light of the above issues, the Court declines to rule on the sufficiency of service of process at this time. However, Vandewater may file a renewed Rule 12(b)(5) motion to dismiss within 30 days of the date of this decision.

## IV.    MOTIONS FOR JUDGMENT ON THE PLEADINGS

### A.    Standard of Review

Defendants move to dismiss for failure to state a claim, and for judgment on the pleadings, under Federal Rules of Civil Procedure 12(b)(6) and 12(c). (*See* Dkt. No. 17, at 1; Dkt. No. 22, at 1). Because they have already answered the complaint, (Dkt. Nos. 3, 14), the Court construes Defendants' motions as seeking judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(b), (c), (h)(2)(B); *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In any event, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).

To survive a Rule 12(b)(6) or Rule 12(c) motion, the "complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Lynch*, 952 F.3d at 74–75. The court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d

8

247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)); *L-7 Designs, Inc.*, 647 F.3d at 429. Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hayden*, 594 F.3d at 161.

### B.    Analysis

#### 1.    Preclusion

Vandewater first argues that Plaintiff's claims are barred by claim and issue preclusion.[4] (Dkt. No. 22-8, at 8–18; Dkt. No. 29, at 3–6). Specifically, he points to an October 2023 state supreme court decision dismissing Plaintiff's state-law malicious prosecution claim against him for failure to state a claim. (*See* Dkt. No. 22-5, at 9–12). Plaintiff counters that the October 2023 decision did not constitute a merits dismissal with preclusive effect. (*See* Dkt. No. 28, at 4–6).

The Court may address preclusion on a motion to dismiss or for judgment on the pleadings, considering facts that "are apparent on the face of the complaint, documents incorporated into or integral to the complaint, and matters of which the court may take judicial notice, including court records." *Reif v. Art Inst. of Chi.*, No. 24-809-CV, 2025 WL 763424, at *3, 2025 U.S. App. LEXIS 5586, at *6–7 (2d Cir. Mar. 11, 2025) (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *cf. L-7 Designs, Inc.*, 647 F.3d at 422. In determining the "preclusive effect of a state-court judgment in the context of a subsequent" § 1983 suit, "a federal court must give to [that] judgment the same preclusive effect as would be given . . . under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77, 81, 85 (1984) (footnote omitted). New York law

---

[4] Although the parties use the terms "res judicata" and "collateral estoppel," the Court refers to "claim preclusion" and "issue preclusion" for clarity and consistency with "modern usage." *See Hedrington v. United States*, 176 F.4th 1177, 1180 n.1 (9th Cir. 2026) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

therefore determines "the preclusive effect of a New York State court judgment." *21647 LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2005-3*, No. 22-2793-CV, 2023 WL 7648624, at *2, 2023 U.S. App. LEXIS 30372, at *3 (2d Cir. Nov. 15, 2023) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).

Under New York law, dismissals for failure to state a claim generally carry no preclusive effect because they are not "determination[s] on the merits." *See Blake v. City of New York*, 144 A.D.3d 1071, 1073 (2d Dep't 2016). They do, however, carry "preclusive effect as to 'a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint.'" *Id.* (quoting *175 E. 74th Corp. v. Hartford Accident & Indem. Co.*, 51 N.Y.2d 585, 590 n.1 (1980)). New York courts have applied this principle to both claim and issue preclusion. *See Wilder v. Fresenius Med. Care Holdings, Inc.*, 215 A.D.3d 511, 513 (1st Dep't 2023) (claim preclusion); *Ross v. Triborough Bridge & Tunnel Auth.*, 218 A.D.3d 810, 812 (2d Dep't 2023) (issue preclusion).

Here, then, the October 2023 dismissal carries no preclusive effect unless Plaintiff failed to correct the deficiency that decision identified. *See Blake*, 144 A.D.3d at 1073. And as discussed below, Plaintiff has stated a plausible claim by providing additional details in his complaint. The Court therefore declines to dismiss the complaint on preclusion grounds.

### 2. Statute of Limitations

"A statute of limitations defense may be decided on a Rule 12(b)(6) motion," and by extension a Rule 12(c) motion, "if the defense appears on the face of the complaint." *K.W. ex rel. K.A. v. City of New York*, 177 F.4th 127, 150 n.26 (2d Cir. 2026) (alteration adopted) (quoting *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021)); *cf. L-7 Designs, Inc.*, 647 F.3d at 422. The statute of limitations for Plaintiff's § 1983 claim is three years. *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 107–08 (2d Cir. 2023); *Murphy v.*

*Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "In malicious prosecution suits under Section 1983, the statute of limitations begins to run when the prosecution 'terminates in the plaintiff's favor,'" which occurs once the prosecution "has 'conclusively' ended." *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (alteration adopted) (first quoting *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) (en banc); then quoting *Murphy*, 53 F.3d at 548).

Although the parties dispute the sufficiency of Plaintiff's service, all appear to agree that he commenced this action on April 14, 2025. (Dkt. No. 17-1, at 8; Dkt. No. 22-8, at 18; Dkt. No. 28, at 7; *see also* Dkt. No. 1-2, at 2). And according to the complaint, the "criminal charges were dismissed or Plaintiff's counsel was notified of their dismissal" on or about April 7, 2022; April 11, 2022; May 12, 2022; and August 9, 2022. (Dkt. No. 2, ¶ 32). Had some or all of the charges been dismissed on April 7 or 11, 2022, they would be untimely. *See Spak*, 857 F.3d at 462. But those dates are approximate, and within a week of being timely; moreover, some may be the date counsel became aware of the dismissal, not the dismissal date. (*See* Dkt. No. 2, ¶ 32). In light of these allegations, the statute of limitations defense does not "appear[] on the face of the complaint," so at this stage the Court cannot dismiss the action on that ground.[5] *See K.W.*, 177 F.4th at 150 n.26; *L-7 Designs, Inc.*, 647 F.3d at 422. To the extent the parties argue that the sufficiency of service affects the statute of limitations analysis, (*see* Dkt. No. 22-8, at 18–20; Dkt. No. 26, at 3), that determination would require facts outside the complaint. And in any event, as explained above, the Court cannot decide the sufficiency of service issue on this record. The Court therefore will not consider such arguments at this time. *Cf. K.W.*, 177 F.4th at 150 n.26; *L-7 Designs, Inc.*, 647 F.3d at 422.

---

[5] However, in the interest of efficiency, the parties would benefit from expedited discovery on the statute of limitations issue to determine the precise dates on which the prosecutions were terminated.

11

### 3.    Malicious Prosecution

Finally, the parties dispute whether the complaint states a plausible malicious prosecution claim. In New York, "[t]o prevail on a malicious prosecution claim brought under Section 1983, a plaintiff must establish: '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, (4) actual malice,' and '(5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Carruthers v. Colton*, 153 F.4th 169, 181 (2d Cir. 2025) (alteration adopted) (quoting *Alexander v. City of Syracuse*, 132 F.4th 129, 158 (2d Cir. 2025)). Plaintiff must also allege state action, *i.e.*, "that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

Here, Vandewater argues that the complaint fails to allege he acted under color of state law. (Dkt. No. 22-8, at 21). The trooper Defendants contest the probable cause and malice elements; they also raise qualified immunity.[6] (Dkt. No. 17-1, at 10–24).

Turning first to Vandewater, in the malicious prosecution context, "[a] private individual . . . acts 'under color of state law' when [he] is a 'willful participant in joint activity with the State or its agents,'" *McDonald v. Molina*, No. 22-1261-CV, 2023 WL 2229365, at *2, 2023 U.S. App. LEXIS 4624, at *4 (2d Cir. Feb. 27, 2023) (quoting *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014)), such that "the two share some common goal to violate the plaintiff's rights," *Betts*, 751 F.3d at 85. Neither a private party's "provision of information" to police, nor an "officer's actions [taken on his] own initiative," suffice. *Anilao v. Spota*, 340 F. Supp. 3d 224,

---

[6] The trooper Defendants also contest personal involvement. (*See* Dkt. No. 17-1, at 15, 16, 24). They are correct that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). But each trooper is alleged to have participated in at least one prosecution.

253 (E.D.N.Y. 2018) (Bianco, J.); *Ginsberg v. Healy Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999). When "a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not jointly engaged in the officer's conduct." *Ginsberg*, 189 F.3d at 272 (citation modified). Courts, however, have "determined the 'under color of state law' requirement" met (1) where private defendants "had a clear objective of influencing the action of the state and fabricated evidence to achieve that objective," (2) "where police have arrested individuals based solely on the private defendants' request, without making an independent investigation of the matter," and (3) where private defendants "made false statements to the police to invoke the state's power to intentionally violate another's rights." *Anilao*, 340 F. Supp. 3d at 254.

To "begin" this analysis, the Court must "identify[] the specific conduct of which the plaintiff complains." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999)). Here, Plaintiff says, Vandewater contacted the troopers and requested "Plaintiff's arrest and criminal prosecution"; Vandewater then provided sworn statements that Plaintiff "disregarded" a right of way, "trespassed on Vandewater's land," and "damaged his property," all "while knowing that his representations were false." (*See* Dkt. No. 2, ¶ 27). The troopers to whom Plaintiff provided the statements were aware that "over the course of more than a decade," Vandewater had "set in motion" numerous criminal prosecutions against Plaintiff, none of which were successful. (*Id.* ¶ 28). Vandewater told the troopers that Plaintiff had a right of way, but "provided no facts identifying or describing the location of the right of way," and without "any information as to the true location of the right of way," the troopers arrested and charged Plaintiff with the offenses described above. (*See id.* ¶ 29). Plaintiff further alleges that before the events underlying the present claims, "Vandewater

stated to Plaintiff, 'I'm going to keep making up these bullshit charges until I drive you out of here.'" (*Id.* ¶ 27).

These allegations are sparse. But at this early stage, the Court must assume their truth and draw all reasonable inferences in Plaintiff's favor. *L-7 Designs, Inc.*, 647 F.3d at 429. Doing so, the Court concludes that Plaintiff has sufficiently, if barely, alleged the color of state law requirement as to Vandewater. *See Anilao*, 340 F. Supp. 3d at 254 (state action requirement met where private defendant had "clear objective of influencing" state's action and "fabricated evidence to achieve that objective," and where police charged individuals "based solely on the private defendants' request, without making an independent investigation of the matter"); *cf. Bang v. Utopia Rest.*, 923 F. Supp. 46, 49 (S.D.N.Y. 1996) (same based on inference that, during 20-minute conversation between private defendant and officers following officers' arrival, defendant "urged the officers to arrest both plaintiffs without probable in furtherance of what became the shared goal of depriving plaintiffs of federally guaranteed rights"); *Betts*, 751 F.3d at 85 (discussing *Bang* decision approvingly).

As to the trooper Defendants' arguments, "[p]robable cause, in the context of malicious prosecution, has been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Carruthers*, 153 F.4th at 181 (alteration adopted) (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)). It "exists where officers have 'knowledge or reasonably trustworthy information' that a crime has been committed." *Alexander*, 132 F.4th at 158 (quoting *Triolo v. Cnty. of Nassau*, 24 F.4th 98, 106 (2d Cir. 2022)). Courts take a "charge by charge" approach, *Carruthers*, 153 F.4th at 181 (quoting *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024)); thus, "probable cause must support *each* charge brought by the prosecution," *Alexander*, 132 F.4th at 158. As now relevant, a person commits

14

trespass "when he knowingly enters or remains unlawfully in or upon premises," N.Y. Penal Law § 140.05; second-degree criminal contempt when he engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court," *id.* § 215.50(3); and third-degree criminal mischief when he "damages property of another person in an amount exceeding two hundred fifty dollars," *id.* § 145.05(2).

The complaint here sufficiently alleges the absence of probable cause. Vandewater told the troopers that Plaintiff "disregarded a right of way," "trespassed on Vandewater's land, and damaged his property." (Dkt. No. 2, ¶ 27). But Vandewater also told them that Plaintiff "ha[d] a right of way and" could therefore "be on the premises"; and the trooper Defendants "possessed no information . . . as to the true location of the right of way." (*Id.* ¶ 29). Additionally, the troopers "were aware" that Vandewater previously "set in motion" criminal prosecutions against Plaintiff, none of which "were successful." (*Id.* ¶ 28). Accepting the complaint's allegations as true and drawing reasonable inferences in Plaintiff's favor, the troopers possessed no additional information—and conducted no additional investigation—to support the charges. They therefore lacked sufficient "knowledge or reasonably trustworthy information" to determine that Plaintiff had knowingly entered another's premises, intentionally disobeyed a lawful court mandate, or damaged another person's property. *See Alexander*, 132 F.4th at 158.

The complaint also sufficiently alleges malice. In this context, "'malice' is 'a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Barnes v. City of New York*, 338 F. Supp. 3d 317, 325 (S.D.N.Y. 2018) (quoting *Fulton v. Robinson*, 289 F.3d 188, 198 (2d Cir. 2002)). The "lack of probable cause generally creates an inference of malice." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (quoting *Boyd*, 336 F.3d at 78); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997). At this stage, the lack of

15

probable cause—in addition to the trooper Defendants' knowledge that all the previous prosecutions Vandewater prompted against Plaintiff failed—sufficiently demonstrates malice.

Finally, the trooper Defendants invoke qualified immunity. (Dkt. No. 17-1, at 10–15). To prevail on a qualified immunity defense at the pleadings stage, "the facts supporting the defense must appear on the face of the complaint." *Sabir v. Williams*, 52 F.4th 51, 63 (2d Cir. 2022) (alteration adopted) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)). "Moreover, 'the plaintiff is entitled to all reasonable inferences from the facts alleged,' including 'those that defeat the immunity defense.'" *Horn v. Stephenson*, 11 F.4th 163, 170 (2d Cir. 2021) (quoting *McKenna*, 386 F.3d at 436).

Under this "stringent standard," *McKenna*, 386 F.3d at 436, the Court cannot conclude—from the facts appearing on the face of the complaint—that the trooper Defendants are entitled to qualified immunity at this stage. Indeed, in arguing otherwise, they urge the Court to discount the complaint's factual allegations and look to matters outside the complaint. (*See* Dkt. No. 17-1, at 14 ("None of the [Defendants' alleged conduct violated] clearly established law as they received complaints [that] they had no reason to believe were not sufficiently credible, *notwithstanding Plaintiff's conclusory arguments to that effect in the Complaint*." (emphasis added)); Dkt. No. 26, at 7 ("[I]t was objectively reasonable for officers to conclude *based upon Mark Hogan's history of conduct towards his neighbors* and the complaints made to them by Vandewater or others, that they had probable cause to arrest Plaintiff." (emphasis added))). Making reasonable inferences in Plaintiff's favor, the complaint's allegations do not on their face reflect that the trooper Defendants possessed the required "arguable probable cause" as to each offense, which would "entitl[e] [them] to qualified immunity." *Betts*, 751 F.3d at 83; *Horn*, 11 F.4th at 170.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motions (Dkt. Nos. 17, 22) are **DENIED**; and it is further

**ORDERED** that, as set forth above, Defendant Vandewater may file a renewed Rule 12(b)(5) motion to dismiss for insufficient service of process within 30 days of the date of this decision.

**IT IS SO ORDERED.**

Dated: July 15, 2026
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

17